OSCAR MILLER CONTRACTOR, INC. v. THE NORTH CAROLINA TAX REVIEW BOARD

No. 8210SC89

(Filed 19 April 1983)

**Taxation § 31.1— use tax—sale of machinery to asphalt paver**

 Petitioner had a right to rely on a regulation from the Secretary of Revenue providing that a sale of mill machinery to an asphalt plant is a sale to a manufacturer and subject only to a 1% use tax with a maximum of $80.00 per article, and the purchase of machinery by petitioner to make asphalt to be used principally in the performance of its asphalt paving contracts was subject to a maximum use tax of $80.00. G.S. 105-264; G.S. 105-164(h).

APPEAL by petitioner from *Preston, Judge.* Judgment entered 2 October 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 16 November 1982.

This is an appeal from a judgment of the superior court affirming an order of the Tax Review Board. The petitioner is an asphalt paving contractor. It purchased machinery from an out-of-state vendor which it used in making asphalt, at least 90% of which was to be used in the performance of its asphalt paving contracts. The petitioner sold the balance of the asphalt. The petitioner paid a use tax of $80.00 on the purchase of the machinery. The North Carolina Department of Revenue assessed an additional tax of 4% on the purchase price of this machinery. After a hearing the North Carolina Secretary of Revenue sustained the assessment of this tax. The Tax Review Board affirmed the decision of the Secretary of Revenue and the superior court affirmed the order of the Tax Review Board. The petitioner appealed.

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks, for The North Carolina Tax Review Board and The Secretary of Revenue.*

*Parker, Sink, Powers, Sink and Potter, by William H. Potter, Jr. and Henry H. Sink, for petitioner appellant.*

WEBB, Judge.

This appeal brings to the court the question of the amount of use tax which is owed by the appellant for the purchase of machinery to make asphalt to be used principally in the performance of its contracts. The following are germane to the determination of this case; G.S. 105-164.6:

"Imposition of tax. — An excise tax is hereby levied and imposed on the storage, use or consumption in this State of tangible personal property purchased within and without this State for storage, use or consumption in this State, the same to be collected and the amount to be determined by the application of the following rates against the sales price, to wit:

(1) At the rate of three percent (3%) of the cost price of each item or article of tangible personal property when the same is not sold but used, consumed,

Oscar Miller Contractor v. Tax Review Board

distributed or stored for use or consumption in this State; except that, whenever a rate of less than three percent (3%) is applicable under the sales tax schedule set out in G.S. 105-164.4 to the sale at retail of an item or article of tangible personal property, the same rate, and maximum tax if any, shall be used in computing any use tax due under this subdivision. . . .

. . . .

(4) Where a retail sales tax has already been paid with respect to said tangible personal property in this State by the purchaser thereof, said tax shall be credited upon the tax imposed by this Part. Where a retail sales and use tax is due and has been paid with respect to said tangible personal property in another state by the purchaser thereof for storage, use or consumption in this State, said tax shall be credited upon the tax imposed by this Part. . . .

G.S. 105-164.4 provides:

"Imposition of tax; retailer.—There is hereby levied and imposed, in addition to all other taxes of every kind now imposed by law, a privilege or license tax upon every person who engages in the business of selling tangible personal property at retail . . . the same to be collected and the amount to be determined by the application of the following rates against gross sales and rentals, to wit:

. . . .

Provided further, the tax shall be only at the rate of one percent (1%) of the sales price, subject to a maximum tax of eighty dollars ($80.00) per article, on the following items:

. . . .

h. Sales of mill machinery or mill machinery parts and accessories to manufacturing industries and plants . . . ."

The Secretary of Revenue pursuant to G.S. 105-262 has made a regulation which we quote in part:

"SALES AND USE TAX REGULATION 30

. . . .

Section   II — Specific Tangible Personal Property Clas-
           sified for Use By Industrial Users

A. Sales of mill machinery, mill machinery parts and ac-
cessories to manufacturing industries and plants for in-
dustrial processing are subject to the 1% sales or use tax,
subject to a maximum tax of $80.00 per article where ap-
plicable. . . .

. . . .

Section   III — Specific Industries

Following are certain specific classifications as to taxable
and nontaxable items of tangible personal property when sold
to specific types of manufacturing or industrial plants. . . .

E. Other Mills & Processors:

Sales of production machinery, and parts and accessories
thereto, . . . are deemed to be sales to manufacturing in-
dustries and plants when made to any of the following: . . .
asphalt plants . . . and any other producer of processed,
fabricated or manufactured articles of tangible personal prop-
erty."

G.S. 105-264 provides in part:

"Construction of Subchapter; . . .

. . . .

Whenever the Secretary of Revenue shall construe any
provisions of the revenue laws administered by him and shall
issue or publish to taxpayers in writing any regulation or
ruling so construing the effect or operation of any such laws,
such ruling or regulation shall be a protection to the officers
and taxpayers affected thereby and taxpayers shall be enti-
tled to rely upon such regulation or ruling. . . ."

The appellant contends it is a manufacturer which has pur-
chased machinery to produce asphalt, which means that G.S.
105-164.4 limits the tax imposed by G.S. 105-164.6 to one percent

of the sales price with a maximum of $80.00 per article. The appellant which uses the machinery for making asphalt would ordinarily be considered a manufacturer. *See Duke Power Co. v. Clayton, Comr. of Revenue*, 274 N.C. 505, 164 S.E. 2d 289 (1968). The appellee, relying on *In Re Clayton-Marcus Co.*, 286 N.C. 215, 210 S.E. 2d 199 (1974) argues that the appellant is not a manufacturer within the meaning of the Sales and Use Tax Act. *Clayton-Marcus Co.* dealt with the imposition of a use tax on the sale of cloth to a furniture maker which cloth was processed into swatch books. The swatch books were sent out-of-state to retail stores that were customers of the taxpayer to be used by the retail stores as samples. Our Supreme Court held the purchase of cloth which was made into these swatches was not subject to a use tax because the use made of it did not fit the definition of a use which was subject to the tax. Although it was not necessary for a decision of the case, the Supreme Court went into some detail in defining what is a sale to a manufacturer for purposes of the Sales and Use Tax Act.

Our Supreme Court said it is clear that the purpose of the Sales and Use Tax Act is to impose a use tax, credited with any sales tax previously paid, upon the user of any tangible personal property in this state. If the property is used to produce something which will add to the taxpayer's profit but the thing produced will not be sold subject to the sales tax, the sale of the property is not a sale to a manufacturer within the meaning of the Sales and Use Tax Act. Such a sale is subject to the Use Tax at the rate of four percent (3% for the state and 1% for the county). The appellee argues that under the reasoning of *Clayton-Marcus Co.* the sale of the machinery to the appellant was a sale of tangible personal property which would be used by the appellant to make asphalt to be used in fulfilling its paving contracts and the asphalt so used is not subject to a sales tax. The appellee contends that for this reason the sale of machinery to the appellant did not come within G.S. 105-164.4.

We might be persuaded by the appellee's argument if it were not for the regulation from the Secretary of Revenue. This regulation says specifically that a sale of mill machinery to an asphalt plant is a sale to a manufacturer and subject to a one percent use tax with a maximum of $80.00 per article. G.S. 105-264 provides that a taxpayer may rely on the Secretary's regulations

and be protected by them. The appellee contends that these regulations must be read to mean that if a purchaser is a manufacturer under the Sales and Use Tax Act as defined in *Clayton-Marcus Co.* and the machinery is used to produce manufactured articles as defined in that case, such a sale is subject to a one percent tax rate with a maximum of $80.00 per article. The appellee says the sale to the appellant does not fit this definition. We do not so read the regulation. It could have been written to say specifically that a sale of machinery to an asphalt plant would be considered a sale to a manufacturer if the machinery was to be used to produce property for sale subject to the sales tax. It was not so written. We believe the taxpayer had the right, pursuant to G.S. 105-264, to rely on the regulation as written. We do not believe we face the question of whether a taxpayer may rely on a regulation in conflict with the plain words of a statute. The statute in this case is ambiguous and there has not been a square holding by a court which defines it.

For the reasons stated in this opinion, we hold the superior court was in error for affirming the order of the Tax Review Board.

Reversed and remanded.

Judges HEDRICK and BECTON concur.